```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------,
TODD C. BANK,

                Plaintiff,                    MEMORANDUM & ORDER

     -against-                                19-CV-441 (KAM)(LB)

CATHERINE O'HAGAN WOLFE,
In her official capacity as Clerk of
Court of the United States Court of
Appeals for the Second Circuit,

                Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On January 22, 2019, Todd C. Bank ("plaintiff" or "Mr. Bank"), an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the Eastern District of New York, commenced this action, *pro se*, seeking (1) a declaratory judgment that a number of local rules of the Second Circuit violate the Federal Rules of Appellate Procedure, and (2) a writ of *mandamus*, enjoining Catherine O'Hagan Wolfe ("defendant"), Clerk of the Second Circuit, from enforcing those local rules. (ECF No. 1, Complaint ("Compl.").) Presently before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction and lack of standing. (ECF No. 16, Notice of Motion to Dismiss; ECF No. 17, Defendant's Memorandum in Support of Motion ("Def. Mem."); ECF No. 19, ("Def. Reply").) For the reasons set forth herein,

1

defendant's motion to dismiss is granted, and the action is dismissed.

## BACKGROUND

Mr. Bank, an attorney residing in the Eastern District of New York, who is currently admitted to practice law before the Second Circuit, seeks a declaratory judgment "declaring that certain Local Rules of the United States Court of Appeals for the Second Circuit . . . are partly or fully invalid," and a writ of *mandamus* "enjoining [defendant] from enforcing any Local Rules to the extent that this Court declares them invalid." (Compl. at 1.)  Plaintiff asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the federal question statute, and 28 U.S.C. § 1361, the *mandamus* statute.

Since 2001, Bank has allegedly appeared before the Second Circuit, as an attorney and as a *pro se* litigant, in 37 matters, and "expects" to appear before the Second Circuit in the future.  (ECF No. 18, Plaintiff's Memorandum in Opposition to Defendant's Motion for Dismissal of the Complaint ("Pl. Mem.") at 3.)  Defendant, Catherine O'Hagan Wolfe, is being sued in her official capacity as the current Clerk of the United States Court of Appeals for the Second Circuit.  (ECF No. 1 at 1-2.)  On September 27, 2019 the parties submitted the fully briefed motion.  (ECF Nos. 16, 17, 18 and 19.)

**LEGAL STANDARD**

**a. Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1). A plaintiff must prove "by a preponderance of the evidence" that subject matter jurisdiction exists. *Id*. Moreover, "when considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

**b. Standing**

A plaintiff must have standing under Article III of the Constitution in order to bring a suit in federal court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood.") To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (citing *Sierra Club v. Morton,* 405 U.S. 727, 740–741 n. 16, (1972)); *see Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)). A plaintiff cannot establish an injury in fact by merely asserting a "generalized grievance" where "the impact on plaintiff is plainly undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575 (quoting *United States v. Richardson,* 418 U.S. 166, 171, 176-177 (1974)). Lastly, "[w]hen standing is challenged on the basis of the pleadings, we 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Vazquez*, 145 F.3d 74, 81 (2d Cir. 1998) (quoting *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975)).

   **c. Sovereign Immunity**

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 63 L.Ed.2d 607 (1980) (quoting

4

*United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "The sovereign immunity of the United States may only be waived by federal statute" and that waiver must be express, not implied. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).  The plaintiff bears the burden of establishing waiver.  *Makarova*, 201 F.3d at 113.

Courts in this circuit have extended immunity to court clerks for actions "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).  This includes the enforcement of local rules of the court. *Humphrey v. Court Clerk for the Second Circuit*, No. 508-CV-0363 (DNH)(DEP), 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) ("Court clerks enjoy absolute immunity even for administrative functions if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.")

Even though sovereign immunity and subject matter jurisdiction are closely related, statutes that confer jurisdiction over actions arising under the constitution do not operate as general waivers of sovereign immunity. *Powelson v. U.S., By & Through Sec'y of Treasury*, 150 F.3d 1103, 1105 (9th Cir. 1998) ("Sovereign immunity is grounds for dismissal independent of subject matter jurisdiction.  A statute may

create subject matter jurisdiction yet not waive sovereign immunity.")

### d. Mandamus Relief

The mandamus statute, 28 U.S.C. § 1361, provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In order to make out a claim to mandamus relief under 28 U.S.C. § 1361, a plaintiff must show "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy [is] available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (quoting *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir.1972)).

The mandamus statute does not apply to the judicial branch. Instead, mandamus was designed to allow courts to review administrative decisions made by executive officers. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970)("The District Court mandamus statute, [section] 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals.") (Harlan, J., concurring); *Liberation News Serv. v. Eastland*, 426 F.2d

6

1379, 1384 (2d Cir. 1970) ("This [legislative] history demonstrates to us that, in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of the executive branch.") "[Title] 28 U.S.C. § 1361 does not apply to courts or to court clerks performing judicial functions." *Wall v. United States Dep't of Justice*, No. 3:09-CV-1066 (DJS), 2010 WL 4923736, at *6 (D. Conn. Nov. 29, 2010) (quoting *Trackwell v. United States Government,* 472 F.3d 1242, 1243 (10th Cir. 2007)); *see Dontigney v. Comm'r of Corr.*, No. 3:05-CV-1617 (WWE), 2006 WL 214031, at *2 (D. Conn. Jan. 26, 2006) (finding that plaintiff could not obtain mandamus relief against Judge Arterton because "mandamus relief through section 1361 has been applied only to employees or officials of the executive branch"); *Seltzer v. Foley*, 502 F.Supp. 600, 602 n.2 (S.D.N.Y. 1980) (same).

## DISCUSSION

**I. The Complaint Is Dismissed for Plaintiff's Lack of Standing.**

First, the complaint fails to allege any concrete and particularized injury to plaintiff. The crux of plaintiff's claim is that the local rules conflict with certain of the Federal Rules of Appellate Procedure. (*See generally*, ECF No. 1.) Plaintiff merely alleges that several local rules are invalid, without alleging an actual harm to his past or present law practice. (*See generally* ECF No. 1.)

This type of "generalized grievance" is insufficient to confer standing under Article III, which requires the existence of a "case or controversy." *Lujan*, 504 U.S. at 575. Although a substantial "risk of real harm," or even "intangible" harm, can be sufficiently concrete to support standing, plaintiff has failed to allege any past instance, or imminent future scenario, in which the allegedly invalid rules caused or would cause him harm. (ECF No. 1 at 1-2; ECF No. 18; *Spokeo*, 136 S. Ct. at 1549 (2016); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402 (2013).)

Further, Mr. Bank's speculative statement that he "*expects* he will continue to appear, in his capacity as an attorney and a *pro se* litigant, in the Second Circuit," (*see* ECF No. 1 at 7), fails to meet the "actual or imminent" injury requirement for Article III standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 95 (1983) ("[A] plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct, and the injury or threat of injury must be 'real and immediate.'")

It is not appropriate for Mr. Bank to use the federal courts to vent his personal grievances regarding the local rules utilized by the Second Circuit. *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003) (quoting *Valley Forge Christian College v.*

8

*Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982)) (A court must be sure that plaintiff has a "personal stake in the controversy [to] avoid having the federal courts serve as 'merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding.'")  Plaintiff fails to allege any concrete injury or draw any particularized connection between himself and the ostensibly invalid local rules beyond the fact that he is a lawyer who may interact with the rules at some point.  (Compl. at 1-2.)  This vague allusion to some hypothetical future harm caused by the enforcement of local rules does not suffice to support a claim of actual or imminent injury.

In *National Association for Advancement of Multijurisdiction Practice v. Gonzales*, the Third Circuit affirmed the district court's dismissal, for lack of standing and on jurisdictional grounds, of an action brought by plaintiffs challenging the local rules used in 55 district courts.  *Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Gonzales*, 211 F. App'x 91, 94-96 (3d Cir. 2006) (declined to extend on other grounds in *National Ass'n for the Advancement of Multijurisdiction Practice v. Simandle*, 658 F. App'x 127 (3d Cir. 2016)).  In affirming the dismissal, the Third Circuit emphasized that the plaintiffs had "made no showing that they were denied the ability to practice in any of

9

those states or that they would seek to practice there but-for the local rules." *Id.* at 95. As such, plaintiffs failed to allege an actual injury, and thus they lacked standing. Though Mr. Bank attempts to differentiate himself from the plaintiffs in *Gonzales* on the ground that he is admitted to practice in the Second Circuit, (ECF No. 18, at 4), he nevertheless fails to allege that enforcement of a local rule would impair his substantive rights. Plaintiff also fails to distinguish *Falwell*,[1] to which defendant cites, in which the court found that plaintiff lacked standing because the plaintiff raised the possibility of theoretical harm: "Plaintiffs challenge not the tax statutes . . . but the clerk's speculated actions[.]" *Falwell v. City of Lynchburg*, 198 F. Supp. 2d 765, 779-80 (W.D. Va. 2002). Thus, the court found that the plaintiff had suffered no actual injury caused by the Clerk of Court, who was thus dismissed from the action. *Id.*

For the foregoing reasons, the court finds that Mr. Bank has failed to establish his standing in this case, and he has also failed to allege a cause of action against the Clerk of Court. *Falwell, 198 F. Supp. 2d* at 779. Thus, the court

---

[1] Plaintiff argues that *Falwell* is inapplicable, by quoting the case out of context. (ECF No. 18 at 5 (quoting *Falwell*, 198 F. Supp. 2d at 779) ("[T]he law provides no answer to the question of what the clerk would do.").) Plaintiff then asserts, without support, that "such uncertainty does not exist in this case." (*Id.*)

dismisses the Clerk of Court from this action and dismisses the complaint in its entirety.

## II. This Court Lacks Subject Matter Jurisdiction.

a. <u>Defendant Enjoys Sovereign Immunity from Suit</u>

The defendant, the Clerk of Court of the Second Circuit Court of Appeals, is being sued in her official capacity, and she is protected from suit by the doctrine of sovereign immunity. *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) ("Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees when functioning in their official capacities are immune from suit based on the principle of sovereign immunity."); *see also Rodriguez v. Weprin*, 116 F.3d at 66 (finding that absolute immunity should be extended to judicial clerk performing an administrative function, such as scheduling an appeal); *Humphrey v. Court Clerk for the Second Circuit*, No. 508-CV-0363 (DNH)(DEP), 2008 WL 1945308, at *2 (dismissing action against Court Clerk because Clerk was engaged in actions that were an integral part of the judicial process).

Mr. Bank asserts, in conclusory fashion, that Ms. Wolfe, "in enforcing the challenged rules, is 'not doing the business which the sovereign has empowered h[er] to do,'" and is thus not immune from suit. (ECF No. 18, at 5.) Nowhere in the complaint, however, has Mr. Bank alleged any actions that Ms.

11

Wolfe has performed in her personal capacity.  Further, plaintiff has failed to point to any statute that waives the sovereign immunity of the circuit court and by its clerk, nor does he cite any statute or case law in support of his assertion that sovereign immunity has been waived here.  *Makarova*, 201 F.3d at 113.

Although plaintiff cites to 28 U.S.C. § 1331, the federal question statute, and 28 U.S.C. § 1361, the mandamus statute, neither one of these statutes operates as a waiver of sovereign immunity. (ECF No. 1 at 1.)  First, 28 U.S.C. § 1331 does not serve as a waiver of sovereign immunity without some additional statutory waiver.  *See, e.g.*, *Sharrock v. Harris*, 473 F. Supp. 1173, 1175 n. 3 (S.D.N.Y. 1979) ("[S]ection 1331 itself is not a general waiver of sovereign immunity[.]").

In addition, neither the Administrative Procedure Act ("APA") nor the Declaratory Judgment Act, serve as a waiver of sovereign immunity.  The APA applies to agencies, not to federal courts or their officers.  *See Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) ("[T]he United States's broad waiver of sovereign immunity in the Administrative Procedure Act . . . applies only to 'agencies,' and the federal judiciary is not an agency within the meaning of the act[.]"); 5 U.S.C. § 701(b)(1)(B) (agency does not include the courts of the United States); 5 U.S.C. § 702.  Further, the "Declaratory Judgment[]

12

Act is not an independent source of federal jurisdiction." *Schilling v. Rogers,* 363 U.S. 666, 677, (1960); *see also Smith v. Lehman*, 689 F.2d 342, 345 (2d Cir. 1982) (finding that court properly rejected plaintiff's attempts to base jurisdiction on the Declaratory Judgment Act because this statute does not confer jurisdiction).

Accordingly, the court does not find Mr. Bank's conclusory assertion that Ms. Wolfe acted outside of her official capacity as Clerk of Court of the Second Circuit to be availing, and the court thus dismisses the Clerk of Court on this independent ground.

b. There Is No Basis for Mandamus Jurisdiction

Mr. Bank also asserts that this court can issue a writ of mandamus against the Clerk of Court because the latter is "an employee of the United States" under 28 U.S.C. § 1361.  28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").  Plaintiff's assertion is without merit.

First, as defendant correctly notes, numerous courts have held that a claim against court personnel, such as a Clerk of Court, is construed as a claim against the court itself and, thus, such a claim fails because the courts of the United States

13

are not an "agency" for § 1361 mandamus purposes.  (ECF No. 17, Def. Mem. at 10-11; ECF No. 19, Def. Reply, at 4-5.)  Even if defendant were not immune from suit in her capacity as the Clerk of Court of the Second Circuit, which the court has found that she is, plaintiff has failed to make the required showing under the mandamus statute to justify such extraordinary and exceptional relief.

Second, plaintiff cites to no legal authority for his assertion that a district court can issue a writ of mandamus against a higher court.  As the Tenth Circuit has remarked with skepticism, "For a district court to issue a writ of mandamus against an equal or higher court would be remarkable." *Trackwell*, 472 F.3d at 1247.  Although higher courts may order the writ against lower courts in "drastic and extraordinary" circumstances, what plaintiff asks this court to do is even more unprecedented and unauthorized.  See *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).

Third, the court notes that this is not the first time that Mr. Bank has sought to compel judicial action from a higher court by seeking a writ of mandamus from a federal district court.  In a previous lawsuit, Mr. Bank, then acting as plaintiff's counsel, sought a writ of mandamus to compel the justices of the Supreme Court to grant his petition for a writ of certiorari, after the Second Circuit affirmed the dismissal

14

of his case before the Eastern District of New York. *Doyle v. Roberts*, No. 10-CV-2278 (JG)(RLM), 2011 WL 1740305, at *2 (E.D.N.Y. May 4, 2011), *aff'd*, 463 F. App'x 50 (2d Cir. 2012); *Doyle v. Am. Home Prods. Corp.*, 2009 WL 5874415 (Dec. 23, 2009), *cert. denied*, 130 S. Ct. 2099 (2010). In dismissing that case, Judge Gleeson noted that plaintiff misguidedly assumed that the Supreme Court's discretionary review, and the judicial branch's rulemaking authority, were unconstitutional exercises of authority. *Id.* at *2. The Second Circuit affirmed the district court's decision, rejecting plaintiff's request for a writ of mandamus on the basis that the Supreme Court did not owe plaintiff a "clear nondiscretionary duty" to grant certiorari. *Doyle v. Roberts*, 463 F. App'x 50, 52 (2d Cir. 2012).

Though the facts of this case are not squarely analogous to *Doyle*, a writ of mandamus is equally inappropriate here. Even if § 1361 were applicable to suits involving employees of the judicial branch, which is it not, for reasons previously explained, plaintiff has failed to prove that he is owed a clear duty by defendant. "[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act." *Nat. Res. Def. Council, Inc. v. Thomas*, 689 F. Supp. 246, 250 (S.D.N.Y. 1988), *aff'd*, 885 F.2d 1067 (2d Cir. 1989). To the contrary, the Second Circuit has been afforded *discretionary* rulemaking

15

authority, pursuant to 28 U.S.C. §§ 2071 and 2072, to prescribe rules for the conduct of its business.  (Compl. ¶¶ 9-16; *see also* 28 U.S.C. § 2071(a) ("The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business.  Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2071 of this title.").  Plaintiff has not established that he possesses a clear right to the relief sought, *i.e.* a writ of mandamus enjoining the Clerk of Court of the Second Circuit from enforcing that court's local rules.[2]

As the United States Supreme Court has stated, "[O]nly exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion will justify the invocation of th[e] extraordinary remedy" of mandamus relief against a court.  *Cheney*, 542 U.S. at 380 (internal quotations omitted).  A Court Clerk's enforcement of the rules adopted by the Second Circuit, pursuant to its statutory authority, does not approach this "exceptional" and "extraordinary" standard.

---

[2] As defendant astutely observes, plaintiff "could have brought his concerns regarding the various Local Rules to the attention of the Second Circuit during the public notice and opportunity for comment period," and plaintiff has not explained why he has not done so.  *See, e.g.*, http://www.ca2.uscourts.gov/announcements_archive.html (October 19, 2016 was most recent notice of proposed rulemaking).  Further, plaintiff could address his concerns directly to the Second Circuit.  *See, e.g.*, http://www.ca2.uscourts.gov/nav/contact.html.

*Id.* Further, this court is satisfied that its execution of a writ of mandamus against the Second Circuit is neither appropriate nor authorized. *Kerr v. U.S. Dist. Ct. for the Northern Dist. of Ca.*, 426 U.S. 394, 399 (1976). Accordingly, the court respectfully denies plaintiff a writ of mandamus and a declaratory judgment that the challenged rules are invalid.

## CONCLUSION

For the foregoing reasons, defendant's Rule 12(b)(1) motion to dismiss for lack of standing and subject matter jurisdiction is GRANTED. The court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of defendant and close this case.

**SO ORDERED.**

Dated:   August 17, 2020
         Brooklyn, New York

```
                              _____/s/_____
                              Hon. Kiyo A. Matsumoto
                              United States District Judge
```